JA-GUY 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 




NO. 3-94-362-CV





JA-GUY, LIMITED PARTNERSHIP,



 
 APPELLANT


vs.





VAUGHN HOUSE, INC.,



 APPELLEE



 




FROM THE COUNTY COURT AT LAW NO. 2 OF TRAVIS COUNTY



NO. 218,855, HONORABLE J. DAVID PHILLIPS, JUDGE PRESIDING



 




 This is an attempted appeal from a forcible detainer action. The trial court awarded
Vaughn House, Inc., appellee, sole possession of commercial premises it had leased to Ja-Guy,
Limited Partnership, appellant. The trial court also awarded Vaughn House damages for unpaid
rent and attorney's fees. Ja-Guy appeals, contending that the trial court erred in (1) granting
Vaughn House any relief because Vaughn House, not Ja-Guy, breached the lease; (2) not
determining that Vaughn House had breached express and implied warranties about the leased
premises; (3) not allowing Ja-Guy to remain in possession of the leased premises on the condition
that Ja-Guy conform to the lease; and (4) granting Vaughn House attorney's fees. Vaughn House
has filed a motion to dismiss the appeal for want of jurisdiction. We will grant the motion. 



BACKGROUND


 Ja-Guy began leasing commercial space from Vaughn House in January 1992. Ja-Guy's operations at the leased premises included check-cashing services, an activity that violated
City of Austin zoning laws. Ja-Guy unsuccessfully petitioned the city to re-zone the leased
premises. In May 1993 the city notified Vaughn House of Ja-Guy's zoning violations and
threatened legal action against Vaughn House if the illegal operations continued. Vaughn House
informed Ja-Guy that its illegal operations violated the lease agreement, and that Vaughn House
would terminate the lease if Ja-Guy did not comply with Austin zoning laws. (1) When Vaughn
House received another notice from the city regarding Ja-Guy's illegal check-cashing operations,
it terminated the lease and demanded that Ja-Guy vacate the leased premises.

 When Ja-Guy failed to vacate, Vaughn House filed suit in justice court. After a
trial on the merits, the justice court awarded Vaughn House possession of the leased premises,
damages for unpaid rent, and attorney's fees. Ja-Guy appealed to the county court at law. After
a trial de novo, the county court awarded Vaughn House the same relief: possession, damages for
unpaid rent, and attorney's fees.


DISCUSSION


 In a forcible detainer action, the issue of possession is not appealable where, as
here, the premises are used for commercial purposes. West Anderson Plaza v. Feyznia, 876
S.W.2d 528, 536 (Tex. App.Austin 1994, no writ). The Texas Property Code provides: "A
final judgment of a county court in a forcible entry and detainer suit or a forcible detainer suit
may not be appealed on the issue of possession unless the premises in question are being used for
residential purposes only." Tex. Prop. Code. Ann. § 24.007 (West Supp. 1994). In the present
case, all of Ja-Guy's points of error relate to the issue of possession. Accordingly, the appeal
must be dismissed.

 Ja-Guy's first two points of error contend, respectively, that Vaughn House
breached the lease agreement and that Vaughn House made certain warranties about the suitability
of the leased premises for Ja-Guy's intended purposes. In this case, these points are material only
to the issue of whether Ja-Guy could rightfully be evicted, i.e., whether Ja-Guy retained the right
to possess the leased premises. Ja-Guy's third point of error contends that the trial court erred
in not allowing Ja-Guy to continue to occupy the leased premises as long as he complied with
Austin zoning rules. This point obviously relates to the issue of possession.

 In its final point of error, Ja-Guy points out that only a "prevailing landlord" may
recover attorney's fees. Ja-Guy then argues that since Vaughn House should not have prevailed
on the possession issue, it also should not have recovered attorney's fees. (2) See Tex. Prop. Code
Ann. § 24.006(b) (West Supp. 1994). While this point of error does not directly ask us to reverse
the trial court's decision on the possession issue, it would certainly require us to review that
decision and determine whether it was correct. We believe section 24.007 prohibits us from doing
this. See West Anderson Plaza, 876 S.W.2d at 536-37.


CONCLUSION


 We grant Vaughn House's motion and dismiss the appeal for want of jurisdiction.



 J. Woodfin Jones, Justice

Before Chief Justice Carroll, Justices Jones and Kidd; Chief Justice Carroll Not Participating

Appeal Dismissed for Want of Jurisdiction on Appellee's Motion

Filed: November 23, 1994

Do Not Publish

1.   Paragraph 9 of the lease agreement provided, "Tenant shall, at its own expense,
comply with all laws, orders, and requirements of all governmental entities with reference
to the use and occupancy of the leased premises."
2.   Ja-Guy's argument supporting its fourth point of error consists entirely of the
following sentence: "The Appellant's position is that the Appellee was not a 'prevailing
landlord' because of its breach of the lease by the insertion of the illegal purpose." We
interpret this statement to mean that Vaughn House was not entitled to attorney's fees
because it was not entitled to prevail on the possession issue.